## Commonwealth v. Smith

*Norman Snyder*, for Commonwealth.
*John J. Robinson*, for defendants.

DIGGINS, J., June 10, 1959.—This is an action in assumpsit by the Commonwealth of Pennsylvania for the care and maintenance of the daughter of defendants in the Pennhurst State School and is tried on stipulation by a judge without a jury. The following facts are not in controversy:

The daughter is a mentally retarded individual and has been a patient in Pennhurst since October 10, 1950. On May 15, 1953, the Court of Quarter Sessions of Delaware County entered an order on defendants for the sum of $32.50 per month for the care and maintenance of the daughter. The actual cost of such care and maintenance from August 11, 1953, to July 31, 1958, is $4,529.11 against which defendants have paid, via the order, $1,970, leaving a balance of $2,559.11.

The Commonwealth contends that the parents are legally responsible for this amount and are financially able to pay the same. Defendants aver that they are financially able to pay nothing above the order of $32.50 per month, which has been paid currently. Defendants rely on Commonwealth v. Weber, 71 D. & C. 546, decided by President Judge Knight in Montgomery County in 1950 under somewhat similar circumstances, except that the Commonwealth brought its action there in the nature of a petition for attachment under which proceeding it sought to recover the difference between the order and the actual cost by way

of attachment, as would be done where a previous order had not been complied with. This case is readily distinguishable from the instant case because the court there held that you cannot proceed by attachment until and unless the original order is increased and not complied with, but also defendant overlooks a further important pronouncement in the Weber case, supra, wherein Judge Knight said, on page 552, as follows:

"That a suit in assumpsit is the proper remedy for the recovery of past maintenance under the Act of 1915, is implied by the latest pronouncement of our appellate courts: Com. v. Zommick, 362 Pa. 299."

Therefore, we are of the opinion that the reasoning and law in Commonwealth v. Weber, supra, does not preclude a recovery in this case which is in assumpsit against a living relative. Indeed, Judge Knight also said in Commonwealth v. Weber, supra, page 552:

"The Commonwealth still has its action in assumpsit against defendant."

Also, it is to be noted that when Commonwealth v. Weber, supra, was decided, the Act of June 1, 1915, P. L. 661, placed the responsibility on the relative "who is legally able" and the words "legally able" have been interpreted to mean "financial ability to pay": Commonwealth v. Krogowski, 75 D. & C. 524. By The Mental Health Act of June 12, 1951, P. L. 533, sec. 701, 50 PS §1361, this liability clause was amended. The words "legally able" were omitted and "all costs of care" were placed upon the persons liable for the patient's support. See section 701 of the act, full discussion: Low Estate, 15 D. & C. 2d 375, at 383.

At first blush, it might seem that where a relative has paid the full amount of an order assessed against him for the maintenance of an incompetent dependent, he should not be responsible for the actual cost of maintenance which may be in excess thereof. How-

ever, the sounder view seems to us to be that the fixing of the court order merely means that so long as it is complied with, the responsible relative will not be held in contempt; nor is it an acquittal of his obligation to pay the actual cost when and if he becomes able. If such were the law, one might pay a very modest modicum as token support and then after the Commonwealth has kept the incompetent at a loss for perhaps a lifetime, the living parent might come into sudden wealth and not be required to make the Commonwealth whole. The better reasoning, we think, is that the making of the order does not preclude the action in assumpsit for actual cost difference, but as is recognized by the Commonwealth's present policy and as stated by the Commonwealth's attorney, no execution on the judgment should be had which might deprive the living relatives of a necessary capital asset.

Therefore, we make the following decision and order.

### Decision

And now, to wit, June 10, 1959, at 2 p.m., upon consideration of the above matter, the court makes the following decision in writing:

1. Plaintiff has shown its right to recover by a preponderance of the evidence.

2. Defendants are liable.

3. Plaintiff is entitled to judgment in the sum of $2,559.11, plus $140.74, interest thereon from July 31, 1958, to date.

4. Verdict in the sum of $2,699.85 is rendered in favor of plaintiff, Commonwealth of Pennsylvania, and against defendants, John F. Smith and Elizabeth L. Smith.

### Order

The prothonotary is directed to give notice immediately to the parties or to their attorneys of record of

the filing of the foregoing decision, and if no exceptions be filed thereto within 30 days after the service of such notice, to enter judgment in accordance with such decision, subject to the limitation, however, that there be noted upon the record that no execution thereon shall issue without further leave of court.